UNITED STATES DISTRICT COURT FILED

DISTRICT OF CONNECTICUT

2004 FEB 17  A 11: 27

US DIS...

| | |
|---|---|
| Francis K. Cole | Case No: 301 CV1978 (A.H.N.) |
| Plaintiff | |
| Vs. | ~~September~~ FEB 17, ~~2003~~ 2004 |
| Olympus Health Care Center Inc. | |
| ET. AL | |
| Defendant | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR ABSTAIN

The Plaintiff, Francis K. Cole, hereby submits this Memorandum of Law and facts in complete and unambiguous opposition to Defendant's motion to Dismiss or Abstain. For reasons adumbrated herein, the Plaintiff respectfully request that this Honorable Court dismiss each and every ground of Defendant's prayer.

1

1. STATEMENT OF RELEVANT FACTS AND ATTENDANT PROCEDURAL HISTORY

<u>PRO SE LITIGANT</u>, FRANCIS K. COLE, initiated this action of October 19, 2001 against his former employer Olympus HealthCare, Inc., alleging employment discrimination on the basis of race, color, national origin and ancestry.

On January 29, 2002, defendant was served on March 25, 2002 pursuant to Rule 55(a) of the Federal Rules of Civil procedure, plaintiff filed a Motion for Entry of Default for failure to appear and file an answer or other responsive pleading. On September 17, 2002, out of abundance of caution Plaintiff sought leave to serve defendant's receiver, Pegasus Management Co, Inc. Facilities Receivership, a nursing home facility receivership established under Conn. Gen. Stat. Section 1 9a-535 <u>et seq.</u>

On December 2002, a telephone conference was held with Plaintiff and Attorney Ursula Haeter, Counsel for Pegasus. On June 10, 2003, the court granted Plaintiff's leave to serve defendant's receiver Pegasus but denied plaintiff's motion for default without prejudice to renewal of proper service of defendant's receiver Pegasus. On June 27, 2003 Plaintiff filed proof of service with the court.

On July 11, 2003, Attorney Ursula Haerter of Robinson & Cole filed appearance on behalf of Pegasus Management Company Inc. – Facilities Receivership and also on August 14, 2003, Attorney Alicia M. Moskwa equally filed appearance for the same defendant.

Prior to the appearances, Judge Wagner as the sole custodian of authority on the issue of Nursing Home receivership did specifically instruct Katharine B. Sacks (

2

Receivership) as per March 19, 2002 letter to the court to engage legal counsel to defend this action. The same letter contained request from Judge Wagner for stay of action on Plaintiff motion for default against the defendant.

II. <u>STANDARD</u>

Federal Rules of Civil Procedure 12(b) (6) and 12(b) are inapplicable to a frivolous motion that essentially lack merit. Plaintiff prays this motion be dismissed as an adventure in the wilderness, devoid of sufficient legal grounds to stand. The cause of action and set of facts in support of the Plaintiff's claim are sufficiently established in the body of the complaint – the preliminary statements, statement of facts, claims and request for relief as set forth in the pleading are hereby adopted and incorporated, paragraphs by paragraphs.

This cause of action is founded upon equity and common law. The facts and foundation exist, properly pleaded to establish a cause of action against the defendant.

The issue of lack of subject – matter jurisdiction has no merit in law in a matter not exclusively reserved for the Superior Courts. The District courts have adequate jurisdiction by operation of enabling statues.

III. <u>ARGUMENT</u>

The Receivership in this case is like a pole that fits into the shoes and liability of the defendant. Pegasus Management is D/B/A Olympus Health Care. A non party requires the sanction of the Court to be drawn in. See Conn. Gen.

Statute sections 52-102, 102(a) and 107. In this case the court has not been asked to entertain a prospect that Pegasus be made a party.

Significantly, a party can not go outside his pleading. The citation <u>Deloreto V. Ment, 944F.</u> SUPP.1023 (D. conn.1996) is misplaced as to contents and context given the whole facts. It is well settled in that when interpreting statutes, courts must give effect to apparent intent of the legislature. See <u>Norwich vs. Housing Authority</u>1216. Conn.112, 117. (1990). "When words of the statute are plain and unambiguous we need look no further for interpretive guidance." Presenting an unpleaded document is to ambush the other party. This is inequitable for he who comes to equity must come with clean hands. The court of law is a court of equity.

The court must evaluate the motion according to the plaintiff's ultimate burden of proof and the pleading. The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assail the weight of the evidence which might be offered in support thereof.

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff is short of set of facts in support of his claims. There are abundant facts in this action sufficiently set out to justify the claims and evidence both oral and documentary available to support the allegations.

IV.   ENTIRE FACTS et al

The court has to review the entire facts where the resolution will affect the determination of the case. A motion to dismiss under Rule 12(b)(6) can only be granted where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. See Conley vs. Gibson, 355.US.41, 45-46 (1957). The obvious purpose of such a motion is to test the facial sufficiency of the statement of claim for relief/

Motions to dismiss are viewed with disfavor and are rarely granted. See International Erectors Inc. vs. WithoutSteel Erector and Rental Service, 400 F.2d.465.471 (5th Cir 1968).

There are genuine issues of material facts in the plaintiff's pleading and the defendant has not established that no factual issues exist to warrant a dismissed.

V.   SUBJECT MATTER JURISDICTION

The plaintiff brings this action pursuant to 42.U.S.C. See 2000 and Title VII of the Civil Rights of 1964 as amended: Conn. General Status 46a-60 and 42.U.S.C section 1981.

This court has jurisdiction over the claims presented in this action pursuant to 28.U.S.C. sections 1331 & 1343(a) (3) & (4).

The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. sections 1367. The plaintiff has also fulfilled all conditions precedent to the institution of this action. In line with this, courts have clearly expressed jurisdictional preference to cases on their merits rather than on the basis of formalities. There is no aggravating factor present in this case to outweigh judicial systems strong predisposition to resolve cases on their merits.

See <u>Murray vs. Archambo.132</u> Fed.3rd 609,611 (10th Cir 1998). See <u>Sala Huddin vs. Cuomo 861</u> F.2d, 40, 42 (2nd Cir 1988).

In the present case, the Plaintiff alleged numerous constitutional violations and seeks a variety of remedies. Suits for violation of agreement between employer and Union are actionable in any District Court of the United States of America having jurisdiction of the parties. 29, U.S.C section 185 grant original jurisdiction to Federal District Courts in cases involving an alleged contract violation between an employers and a labor organization. In the body of the pleading, the plaintiff alleged violation of this agreement by discriminatory exclusion of the plaintiff from Union membership. See <u>Claps vs. Moliterriotones Salas 819 F.Supp.141, 149.D.Conn (1993).</u>

VI.  <u>ABSTENTION DOCTRINE</u>

The orders of the Connecticut Superior Court to Federal District Courts are only persuasive in cases where the Federal Courts have exclusive/original jurisdiction except in the interest of comity with the State Courts or respect for

State Law; not a mandatory one. 28 U.S.C. section 1452 relates to removal of cases related to bankruptcy cases in cases where the district court has jurisdiction.

The Bar Date order of Judge Wagner is inapplicable to the Plaintiff by virtue of Defendant's Exhibit D.7; and paragraph nine (9) of the same order, states (1) "rights, remedies and claims of any parties incurred subsequent to the commencement Date and (2) the contract assumption agreement entered into between Receiver and the New England Health Care Employment Union District 1199 on or about January 9, 2002 and subsequently extended and shall in no way affect the rights and obligations of the parties contained in the Assumption Agreement." The defendant is therefore within the legal ambit of mutuality of remedy, mutuality of obligation and mutuality of doctrine relative to the plaintiff cause of action and request for relief.

VII.   SEPARATE ENTITY

The Defendant, Olympus Health Care Center is a separate entity from Pegasus Management. As admitted by the Receiver, the corporation for which the receiver is appointed is still responsible for its actions contracts and covenant much as if the receiver had not been appointed. See Bush, Receiver vs. Stevens, 131. ArK.133, 142 (1917). This present action is not brought against the Receiver and can therefore be sustained against the defendant. The defendant has an obligation under the law to answer to the Plaintiff pleading

7

since a receivership does not operate to alter or terminate obligations and liabilities of the corporation or person in receivership.

All arguments by the defendant in relation to the position of the Receiver to the suit are frivolous.

The doctrine of <u>prudential mootness</u> is relative and subjective, especially to individual circumstances as per fact in issue not a one-way doctrine to apply in all cases. Determination of availability of assets for any relief for plaintiff is discretional to the court. Justice demands that this action be heard on merit and equitable doctrine of good conscience.

This action is primarily against Olympus Health Care Center Inc. By operation of the law, the defendant is not an agency of the State. It is frivolous and out of context for the Receiver to the Cloth the defendant with State toga of which it is not. The defendant, Olympus HealthCare was established differently from the Receivership who is not a substantive party to this action.

Pegasus Management Co. Inc. was doing business under the name Olympus Health Care Center et al. It is a subsidiary of Olympus Health Group Inc. that gives the defendant legal capacity to sue and be sued.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this court dismiss the defendant's motion and give further order as this court may deem fit in the circumstance.

Francis K. Cole
Pro Se Litigant

By_____*[signature]*_____
Francis K. Cole
52 High Path Road
Windsor, CT 06095

Telephone (860) 683-2707

## CERTIFICATION

This is to certify that a copy of the foregoing Memorandum of Law was mailed, first class /returned receipt on February 17, 2004.

<u>Defendant's Attorney</u>

Ursula Haerter
Alicia M. Moskwa
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103

Judge Holly Fitzsimmons
U. S. District Court
915 Lafayette Blvd
Bridgeport, CT 06604

_____
Pro Se Litigant
Francis K. Cole