UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
|                                      | : |                          |
| FRANCIS K. COLE                      | : |                          |
|                                      | : |                          |
| v.                                   | : | CIV. NO. 3:01CV1978 (AHN) |
|                                      | : |                          |
| OLYMPUS HEALTH CARE CENTER,          | : |                          |
| INC., ET AL                          | : |                          |
|                                      | : |                          |
|                                      | : |                          |

RECOMMENDED RULING ON PEGASUS MANAGEMENT CO., INC.
FACILITIES RECEIVERSHIP'S MOTION TO DISMISS OR ABSTAIN

Pegasus Management Col, Inc. Facilities Receivership (the
"Receivership"), pursuant to Fed. R. Civ. P. 12(b)(1) and
12(b)(6), moves to dismiss plaintiff's complaint against the
receivership for failure to state a claim upon which relief can
be granted and/or for lack of subject matter jurisdiction.
Alternatively, the Receivership moves this Court to abstain from
hearing this action in light of the orders of the Connecticut
Superior Court in the receivership proceeding.

For the reasons that follow, the Receivership's Motion to
Dismiss or Abstain **[Doc. #22]** is **GRANTED.**


BACKGROUND[1]

Pegasus Management Co., Inc. ("Pegasus"), which owned and
operated several nursing home facilities in Connecticut, is a

---

[1]The following facts are not disputed.

subsidiary of Olympus Healthcare Group, Inc.   In Connecticut, Pegasus was doing business, followed by the location of the facility, under the name Olympus Healthcare Center ("Olympus").[2] Plaintiff originally sued Olympus Healthcare Center; he does not specify which facility he worked at.

Both Olympus and Pegasus filed voluntary Chapter 11 bankruptcy petitions in Delaware in May, 2001.  On October 19, 2001, Pegasus was dismissed from Chapter 11 bankruptcy, and the five nursing homes it owned and operated in Connecticut were turned over to State receivership.[3]  See Doc. #23 Ex. A.  On that date, upon motion of the State of Connecticut Commissioner of Social Services, the Connecticut Superior Court found a reasonable likelihood that the facilities operated by Pegasus would sustain a serious financial loss or failure that would jeopardize the health, safety, and welfare of the patients. Thus, pursuant to Conn. Gen. Stat. §19a-541 et seq., the court appointed Attorney Katharine B. Sacks as receiver of the facilities ("Receiver"), establishing the Pegasus Management Co., Inc. Facilities Receivership ("Receivership").  See Doc. #23 Ex. B.

---

[2]The five facilities are: Olympus Healthcare Center-Manchester, Victorian Building, in Manchester, CT; Olympus Healthcare Center-Manchester, Westside Building, in Manchester, CT; Olympus Healthcare Center-Manchester, Bidwell Building, in Manchester, CT; Olympus Healthcare Center-Meriden, in Meriden, CT; and Olympus Healthcare Center-Farmington, in Farmington, CT (collectively the "Facilities").

[3]Plaintiff filed this lawsuit on October 19, 2001. [Doc. #1].

As of the date of the appointment of the Receiver, Pegasus owned no assets available for distribution to its creditors.  On November 27, 2001, the Superior Court (Judge Wagner) issued an "Order Clarifying the Financial Authority of the Receiver" that states, in relevant part,

> WHEREAS, the Receiver's source of financing comes from Medicaid advances provided by the Connecticut Department of Social Services, which cannot utilize these funds for liabilities incurred before the onset of this Receivership on October 19, 2001, nor to satisfy liabilities bearing no relation to resident care;
>
> WHEREAS, the Receiver is facing voluminous claims by vendors and other creditors for liabilities incurred by Pegasus before the onset of this receivership, and some creditors are reluctant to continue to supply and support Pegasus with essential goods and services because of financial losses they sustained in previous business dealings with Pegasus, both before and after Pegasus' filing of its bankruptcy petition on May 25, 2001; and
>
> IT IS HEREBY ORDERED: Subject to further order of this Court, the Receiver shall not pay for liabilities or claims incurred by Pegasus prior to October 19, 2001.  This Order does not adjudicate, compromise or prejudice the validity or status of any such claim or liability or right of setoff, recoupment or other remedy.

[Doc. #23 Ex. C].

The State subsequently moved in the Receivership Court for an order establishing claims adjudication procedures and enjoining collection activity against Pegasus.  Stressing that no assets would be available for distribution to creditors of Pegasus, Judge Wagner ordered that all claims against Pegasus

3

arising prior to the appointment of the receiver be submitted to the Receiver no later than October 31, 2002, or be barred forever. [Doc. #23 Ex. D ¶ 3].  The Superior Court enjoined that all proceedings against Pegasus, or any of its property, in any forum, without prior approval of the Court. [Doc. #23 Ex. D ¶ 7].[4]  A copy of the Claims Bar Order was forwarded to all creditors of Pegasus, including Francis Cole, and was published in the Hartford Courant, the New Haven Register, the Journal Inquirer, the Waterbury Republican-American, the Boston Globe, and the Record-Journal. [Doc. #23 Ex. E].  In response to the Claims Bar Order, Mr. Cole submitted a document to the Receiver entitled "Actual Compensatory Claims Against Olympus Healthcare Center," dated October 25, 2002. [Doc. #23 Ex. F].

To date, the facilities are still operating under

---

[4]Paragraph 7 of the Court's order states:

> That the commencement, prosecution, or continuance of the prosecution, of any action, suit, arbitration proceeding, hearing, or any foreclosure, reclamation, or repossession proceeding, both judicial and non-judicial, or any other proceeding, in law, or in equity, or under any statute, or otherwise, against the above-named Defendant or any of its property, in any Court, agency, tribunal, or elsewhere, or before any arbitrator, or otherwise, by any creditor, stockholder, corporation, partnership or other person, . . . without obtaining prior approval thereof from this Honorable Court, in which connection said Receiver shall be entitled to prior notice and an opportunity to be heard, are hereby restrained and enjoined until further Order of this Court.

[Doc. #23 Ex. D ¶ 7].

4

receivership, pending their sale. [Doc. #23 Ex. D].  Pegasus has
no assets which could be distributed to pre-Receivership
creditors, and the facilities have been operating at a
significant loss. [Doc. #23 Ex. D].  The Olympus Healthcare
Group, Inc. Chapter 11 bankruptcy proceeding is still pending.


FACTS[5]

     Plaintiff Francis K. Cole was employed by Olympus Healthcare
Center[6] as a temporary nursing aide from June 22 to October 17,
1999. [Doc. #1, Compl. at ¶¶ 10-12].  Plaintiff satisfactorily
completed the first three months of employment in September 1999.
By letter dated September 17, 1999, defendant extended
plaintiff's temporary employment for a second term of three
months duration. [Compl. at ¶ 14].  In October 1999, plaintiff
took a leave of absence to attend his father's funeral in
Nigeria, "with the understanding that plaintiff would be rehired
or restored to his position on his return from Nigeria."  [¶ 16].
Upon his return, although plaintiff contacted defendant's agent
to return to work, Olympus Healthcare Center did not reinstate
him. [¶ 17].  Plaintiff alleges "discriminatory employment
practices" on the basis of Nigerian national origin, sex, color
and ancestry.  [¶¶ 17-21].

_____

     [5]The following facts set forth in the Complaint filed
October 19, 2001 are accepted as true. [Doc. #1].

     [6]As a preliminary matter, the Receivership points out that
"Olympus Healthcare Center" is not a known legal entity. [Doc.
#23 at 5].

Plaintiff received a right to sue letter from the EEOC on August 23, 2001. [¶ 9].  Plaintiff filed this action on October 19, 2001, the same date that the Receivership was instituted. On March 25, 2002, plaintiff filed a motion for default against "Olympus Healthcare Center" [Doc. #5]. On September 17, 2002, plaintiff sought leave to serve defendant's receiver, Pegasus Management Co., Inc. Facilities Receivership.  On January 7, 2003, this Court granted plaintiff's motion for leave to serve defendant's receiver Pegasus and denied plaintiff's motion for default without prejudice to renewal. [Doc. #16].  On June 30, 2003, Receiver Katharine Sacks accepted service of the Complaint pursuant to this Court's order.

STANDARD OF LAW

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all factual allegations in the complaint and must construe any well-pleaded factual allegations in the plaintiff's favor.  See Cooper v. Parsky, 1400 F.3d 433, 440 (2d Cir. 1998) ; Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991).  A court may dismiss a complaint only where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-45 (1957) ; see also Still v. DeBuono, 1010 F.3d 888 (2d Cir. 1996). A court must not consider whether the claim will ultimately be successful, but should merely "assess the legal feasibility of

6

the complaint." See Cooper, 140 F.3d at 440 (citation omitted).
In deciding such a motion, consideration is limited to the facts
stated in the complaint or in documents attached thereto as
exhibits or incorporated therein by reference. See Kramer v.
Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). "When
considering the sufficiency of a pro se complaint, [the court]
must construe it liberally, applying less stringent standards
than when a plaintiff is represented by counsel." Branham v.
Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996) (citation and
internal quotation marks omitted).

A party may move to dismiss because of lack of subject
matter jurisdiction at any time during the course of an action.
Rule 12(b)(1), Fed. R. Civ. P.; Rule 12(h)(3), Fed. R. Civ. P.;
John B. Hull, Inc. v. Waterbury Petroleum Products, Inc., 588
F.2d 24, 27 (2d Cir. 1978), cert. denied, 440 U.S. 960 (1979);
Grafton Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir. 1979).
Lack of subject matter jurisdiction may be raised, sua sponte,
prior to, during or after trial, even at the appellate level.
Clark v. Paul Gray, Inc., 306 U.S. 583 (1939); 5A Charles A.
Wright & Arthur R. Miller, Federal Practice and Procedure § 1350,
at 220 (1990 & Supp. 1993). Generally, litigants cannot waive
subject matter jurisdiction by express consent, conduct, or
estoppel. Insurance Corp. of Ireland, Ltd. v. Compagnie des
Bauxites de Guinee, 456 U.S. 694, 702 (1982); 13 Wright & Miller,
Federal Practice and Procedure § 3522, at 66-67.

Once subject matter jurisdiction is challenged, the burden

of establishing it rests on the party asserting jurisdiction. Thomas v. Gaskill, 315 U.S. 442 (1942); Grafton, 602 F.2d at 783. Unlike a motion to dismiss pursuant to 12(b)(6), Fed. R. Civ. P., however, dismissals for lack of subject matter jurisdiction are not predicated on the merits of the claim.  Exchange Nat. Bank of Chicago v. Touche Ross & Co., 544 F.2d 1126, 1130-31 (2d Cir. 1976), cert. denied, 469 U.S. 884 (1984).

In a motion to dismiss for lack of subject matter jurisdiction, the court construes the complaint broadly and liberally in conformity with the principle set out in Rule 8(f), Fed. R. Civ. P., "but argumentive inferences favorable to the pleader will not be drawn." 5A C. Wright & A. Miller, Federal Practice and Procedure,  § 1350, at 218-219.  The mover and the pleader may use affidavits and other materials beyond the pleadings themselves in support of or in opposition to a challenge to subject matter jurisdiction.  Land v. Dollar, 330 U.S. 731 (1947); Exchange, 544 F.2d at 1130.  However, "[i]f the jurisdictional allegations of the complaint are complete, uncontradicted, and sufficient, the court must overrule a motion directed merely at the language of the pleading." 5a Wright & Miller,  Federal Practice and Procedure § 1350, at 223.

"In considering an abstention argument, the Court is not limited to the contents of the pleadings.  Consideration of a motion for abstention is akin to a motion to dismiss for lack of subject matter jurisdiction, in which the court may review affidavits and other evidence to resolve factual disputes

8

concerning its jurisdiction to hear the action." <u>DeLoreto v. Ment</u>, 944 F. Supp. 1023, 1028-29 (D. Conn. 1996).

DISCUSSION

<u>Failure to State a Claim</u>

The Court finds that Cole fails to assert a viable cause of action against the Receivership, as plaintiff failed to name the Receivership as a defendant in the complaint and the "complaint is entirely devoid of any allegations against the Receivership." [Doc. #23 at 8].   <u>See</u> <u>Dove v. Fordham Univ.</u>, 56 F. Supp.2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted), <u>accord</u> <u>Potter v. Clark</u>, 497 F.2d 1206, 1207 (7th Cir. 1974).

Accordingly, the Receivership's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**.

<u>Eleventh Amendment</u>

As set forth below, even if plaintiff properly named the Receivership as a defendant in this action and the allegations were properly addressed, the Receivership is immune from suit under the Eleventh Amendment.

In order to determine whether the Receivership may assert a state's right to immunity, inquiry must be made as to the

"essential nature and effect of the proceeding." Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464, (1945). Our Circuit examines six factors in determining whether an entity is an arm of a state. See Mancuso v. N.Y. State Thruway Auth., 86 F.3d 289, 293 (2d Cir. 1996).

> They are: (1) how the entity is referred to
> in its documents of origin; (2) how the
> governing members of the entity are
> appointed; (3) how the entity is funded; (4)
> whether the entity's function is
> traditionally one of local or state
> government; (5) whether the state has a veto
> power over the entity's actions; and (6)
> whether the entity's financial obligations
> are binding upon the state. Mancuso, 86 F.3d
> at 293. If these factors point in one
> direction, the inquiry is complete. If not, a
> court must ask whether a suit against the
> entity in federal court would threaten the
> integrity of the state and expose its
> treasury to risk. Id. If the answer is still
> in doubt, a concern for the state fisc will
> control.

McGinty v. New York, 251 F.3d 84, 95-96 (2d Cir. 2001).

The facts in this case support a finding that the Receivership is an arm of the state. The receiver was appointed by a Connecticut Superior Court Judge, upon motion of the Department of Social Services, and pursuant to a Connecticut statute. Receivership fees are paid from the State Treasury through the Commissioner of Public Health. A judgment for plaintiff would result in the disbursement of funds from the State Treasury. The Receivership is obligated to have its actions approved by Judge Wagner. [Doc. #23 at 10].

Plaintiff does not dispute these facts. Rather, he seeks to draw a distinction between "Olympus Heath Care Center" and

10

Pegasus Management, arguing that "this action is not brought against the Receiver and can therefore be sustained against the defendant" Olympus Health Care Center." As set forth above, "Olympus Health Care Center," the named defendant in plaintiff's complaint, is not a known legal entity and plaintiff offers no evidence to dispute this.[7]  The evidence provided by the Receivership demonstrates that Pegasus Management Co., Inc. was doing business as ("d/b/a") Olympus Healthcare Center in Connecticut at five facilities. See Doc. #23 Ex. B-D.   On October 19, 2001, Pegasus was dismissed from Chapter 11 bankruptcy and the five nursing homes it owned and operated were turned over to State Receivership. [Doc. #23 Ex. A].  While plaintiff may seek to pursue a lawsuit against "Olympus Health Care Center," the real party in interest was the corporate entity Pegasus Management Co., Inc. Plaintiff appears to be confused on this point.

The fact that an award of damages in this case would be paid from the State Treasury entitles the Receivership to immunity of suit. Regents of the Univ. of California v. Doe 519 U.S. 425, 429 (1997) (citing Ford Motor Co., 323 U.S. at 464, (1945).  It is undisputed that the Receivership's source of financing comes from Medicaid advances paid into the State Treasury and provided to Pegasus by the Connecticut Department of Social Services. [Doc. #23 Ex. C].  Pursuant to Judge Wagner's order, such funds cannot

---

[7]Defendant draws no distinction between plaintiff's spelling of defendant "Olympus Health Care Center" and its own spelling "Olympus Healthcare Center."

be used to pay liabilities incurred before the onset of the Receivership, nor to satisfy liabilities bearing no relation to resident care.  Id.

In Texas Community Bank, NA v. Missouri Dep't of Social Services, 232 F.3d 942 (8th Cir. 2000), plaintiff lent money to two companies that operated several nursing homes in Missouri. When the companies went into receivership, the bank intervened in the state receivership and also filed suit in the District Court, naming as defendants the companies, the nursing homes, and others, including the Missouri Department of Social Services. Plaintiff sought declaratory and injunctive relief against the Missouri Department of Social Services ("DSS"), "the effect of which would be to satisfy the companies' debt to the bank by garnishing any Medicaid funds payable to the companies by [the Department of Social Services]." Id. at 943.  The Texas Court granted DSS's affirmative defense based on  Eleventh Amendment grounds with prejudice.  Id.

Pursuant to Conn. Gen. Stat. § 19a-541 et seq., the Connecticut Superior Court appointed Attorney Katharine B. Sacks as receiver of the healthcare facilities, establishing the Pegasus Management Co. Inc. Facilities Receivership.  Plaintiff served the court-appointed Receiver of Pegasus (d/b/a Olympus Heathcare Center) on June 30, 2003.[8]  [Doc. #23 Ex. B]. As the

_____

[8]Defendants assert that "[a]lthough plaintiff was granted leave to serve Pegasus Management Co. Inc., Facilities Receivership, the return of service states that Katharine Sacks accepted service on behalf of Olympus Healthcare Center." [Doc. #23 at 6 n. 3].  The Receivership "denies being the receiver of

Receiver, Attorney Sacks was "appointed to safeguard the health, safety and welfare of the residents in the five nursing homes listed in the case caption as d/b/a of Pegasus." [Doc. #23 Ex. C].  Judge Wagner ordered that the "Receiver's source of financing comes from Medicaid advances provided by the Connecticut Department of Social Security, which cannot utilize these funds for liabilities incurred before the onset of this Receivership on October 19, 2001, nor to satisfy liabilities bearing no relation to resident care."  Id.

The Court is satisfied on this record that any award of damages in this case would affect the State Treasury and involve the garnishment of Medicaid funds provided by the Connecticut Department of Social Services. [Doc. #23 Ex. C]. Cf. Finkielstain v. Seidel, 857 F.2d 893, 895-96 (2d Cir. 1988) (appointed receiver not entitled to immunity where no relief from the state agency is requested. Receiver was merely charged with overseeing the orderly liquidation and disposition of the company's assets); California v. Campbell, 138 F.3d 784, (9th Cir. 1998) (Receiver over trusts not entitled to immunity where the plaintiff sought money from the trust and not from the state).

Accordingly, Eleventh Amendment immunity requires dismissal of the complaint with prejudice.

---

Olympus Healthcare Center which, as noted, is not a known legal entity."  Id. at n. 2.

14

CONCLUSION

Accordingly, the Receivership's Motion to Dismiss or Abstain **[Doc. #22]** is **GRANTED** with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).


ENTERED at Bridgeport this ___ day of March 2004.


_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

15